[Cite as *State v. Taylor*, 2012-Ohio-5130.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                   CASE NO.  13-12-25

     v.

SUSAN M. TAYLOR,                        O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Fostoria Municipal Court
Trial Court No. TRD1101708

Judgment Reversed and Cause Remanded

Date of Decision:  November 5, 2012

APPEARANCES:

    *Beryl W. Stewart*  for Appellant

    *Timothy J. Hoover*  for Appellee

**WILLAMOWSKI, J**.

{¶1} Defendant-Appellant, Susan M. Taylor ("Taylor"), appeals the judgment of the Fostoria Municipal Court finding her guilty of wrongful entrustment after she entered a plea of no contest. On appeal, Taylor contends that the trial court erred in not permitting her to withdraw her no contest plea because she claims that the trial court failed to properly inform her of her rights pursuant to Crim.R. 11. For the reasons set forth below, the judgment is reversed and remanded.

{¶2} Taylor was issued a uniform traffic citation for the wrongful entrustment of a motor vehicle in violation of R.C. 4511.203, a misdemeanor of the first degree. The charge stems from an accident that occurred on September 1, 2011, when Taylor's fifteen-year-old son, who was not a licensed driver, was driving three friends in the back of Taylor's pick-up truck. The truck was struck by a train, causing the death of one of the passengers, and injuring the other two.

{¶3} Taylor originally entered a plea of not guilty, and the case was set for a bench trial on March 28, 2012. Prior to beginning the proceedings, there was a discussion between the trial court, Taylor's attorney, and the prosecutor about what version of the statute and penalty was applicable. (3/28/2011 Tr. 4-7). The offense had been committed on September 1, 2011, and R.C. 4511.203 had been amended effective September 23, 2011. Under the former version of the statute,

effective September 30, 2008, the offense was a first-degree misdemeanor, punishable by up to six months in jail and a fine of up to $1,000. Under the amended statute, the offense is an unclassified misdemeanor, and the offender is to be sentenced pursuant to R.C. 2929.21 to 2929.28, "except that the offender shall not be sentenced to a jail term * * *." R.C. 4511.203(C)(1). A recess was taken while a discussion was held off the record in chambers. (3/28/2011 Tr. 7)

{¶4} Upon the continuation of the proceedings, Taylor's attorney requested a short recess to discuss possible settlement with the prosecutor. Thereafter, the trial court was informed that Taylor wished to change her plea to "no contest." (*Id.*)

{¶5} Prior to accepting the change of plea, the trial court inquired to ascertain whether Taylor understood that the offense was a misdemeanor of the first degree, as specified by the statute that was in effect on September 1st. (3/28/12 Tr. 8-9) The trial court confirmed that Taylor understood that by entering a plea of no contest, she could be found guilty of the offense and sentenced to up to six months in jail and/or a fine of up to $1,000. (*Id.*) The trial court also confirmed that Taylor's prior request for a jury had been withdrawn. (*Id.*)

{¶6} Taylor's attorney then entered a plea of no contest on her behalf and the trial court made a finding of guilty. The trial court ordered a presentence report and scheduled the sentencing hearing for May 8, 2012.

**{¶7}** On April 27, 2012, Taylor filed a presentence motion to withdraw her no contest plea pursuant to Crim.R. 32.1, and also submitted a trial brief. The motion stated that Taylor was distraught when she learned that "the charge now is a 1st [degree] misdemeanor" and subject to a possible six months in jail. (Doc. 25, ¶ 4) Taylor was concerned as to who would take care of her children if she was sentenced to jail, and decided to enter a plea of no contest, hoping that the trial court would not sentence her to jail. After having more time to think about the matter and discuss it further with her attorney, she now believed that the facts and the law would result in a finding of not guilty if a trial was held.

**{¶8}** On the date of the previously scheduled sentencing hearing, the trial court held a hearing on the motion to withdraw the plea. Taylor stated that she wished to withdraw her plea because, at the time of the hearing, she was stressed and worried about her children and was not thinking clearly. (5/8/2012 Tr. 2-3) Her attorney also argued that new facts and research had also led him to believe that she would be found innocent of the offense because her son's actions had exceeded the scope of the permission that Taylor had given him, specifically, to drive only on their property. The State opposed the motion to withdraw and argued that a change of heart or a mistaken belief about a guilty plea did not constitute a basis for the withdrawal of a plea.

{¶9} The trial court denied Taylor's motion to withdraw her plea, finding that her reason was a "mere change of heart," which was insufficient grounds to warrant a vacation of her plea. (May 8, 2012 J.E.) The trial court determined that Taylor was satisfied with the representation of her defense counsel; that she had been thoroughly informed as to the possible penalties associated with her plea; and, that she had knowingly, intelligently, and voluntarily understood her plea and the consequences of the plea. (*Id.*)

{¶10} On May 15, 2012 a sentencing hearing was held, and "[b]ased upon the nature of the case, defendant's history and the circumstances," the trial court sentenced Taylor to serve 180 days, with 90 days to be served at the Seneca County jail; 60 days through Electronic Home Monitoring (if eligible); and 30 days suspended on the condition that Taylor complete an alcohol assessment and treatment program, that she complete a parenting program, and that she submit to random alcohol/drug screens as ordered by probation. (May 15, 2012 J.E.)[1] Taylor was placed on three years' probation and ordered to pay all costs, but no fine was imposed.

{¶11} Taylor filed a motion to stay sentence pending appeal, which was granted by the trial court. Taylor now appeals her conviction, raising the following assignment of error for our review.

---

[1] No transcript of the sentencing hearing was provided.

**Assignment of Error**

**The trial court erred in failing to advise [Taylor] of any of her rights, i.e., the right to see the witnesses against her, her right to have the witnesses cross-examined at trial, that she also had the right not to be required to testify at trial unless she desired to do so, and that the State cannot comment on her failure to testify as required by Ohio Crim.R. 11(E).**

{¶12} In her sole assignment of error, Taylor submits that the trial court erred in denying her motion to withdraw her plea of no contest. Taylor asserts that the trial court failed to conduct a proper Crim.R. 11 colloquy to inform her of her rights prior to accepting her plea.

{¶13} Crim.R. 32.1 states that: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Although the rule does not articulate a standard to be used when considering a presentence motion, as the motion in this case was, it has long been held that a presentence motion to withdraw a guilty plea "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521 (1992). However, this does not mean that a motion to withdraw a guilty plea will be granted automatically. *State v. Drake*, 73 Ohio App.3d 640, 645 (8th Dist.1991). Appellate review of a trial court's denial of a motion to withdraw guilty pleas pursuant to Crim.R. 32.1 is for an abuse of discretion. *State v. Nathan*, 99 Ohio App.3d 722, 725 (3d Dist.1995).

{¶14} On appeal, Taylor complains that she should be allowed to withdraw her no contest plea because the trial court failed to inform her of her constitutional rights during the plea colloquy. Crim.R. 11 distinguishes between what is required before accepting a plea of guilty and no contest in felony cases as compared to misdemeanor cases, such as Taylor's. *See State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093; *compare* Crim.R. 11(C) with Crim.R. 11(D) and (E). While the elements that must be included in a plea colloquy for a misdemeanor are less than what is required for a felony, the trial court must still inform the defendant of the effect of the specific plea being entered and it must inform the defendant of the appropriate language under Crim.R. 11(B). *Jones* at paragraphs one and two of the syllabus. A failure to comply with providing information concerning non-constitutional rights, such as the information required in Crim.R. 11(B), will not invalidate a plea unless the defendant suffered prejudice. *Jones* at ¶ 52, quoting *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12.

{¶15} Our review of the record demonstrates that the trial court failed to properly advise Taylor of the effects of her plea, although not for the reasons discussed by either Taylor or the State. The trial court was mistaken when it informed Taylor that she should be sentenced under the prior version of the statute that provided for up to a six-month jail sentence. Taylor should have been permitted to withdraw her plea, because she was given the wrong information

concerning her sentence. Furthermore, the sentence must be vacated because it is contrary to law. *See* R.C. 2953.08(A)(4).

{¶16} Generally, the amendment or enactment of a statute will apply prospectively, and will not affect the prior operation of the statute or "[a]ffect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal." R.C. 1.58(A); *State v. Riegel*, 3d Dist. Nos. 14-11-27, 14-11-28, 2012-Ohio-4517, ¶ 16. However, there is an exception to this proposition stated in R.C. 1.58(A) when the provision set forth in Section (B) is applicable. R.C. 1.58(B) states:

> If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

{¶17} In this case, the offense in the statute remains the same. However, the amendment reduces the potential punishment by stating that a violation is now an unclassified misdemeanor, not a misdemeanor of the first degree,[2] and that the offender is not subject to a jail sentence.

> (C) Whoever violates this section is guilty of wrongful entrustment of a motor vehicle and shall be punished as provided in divisions (C) to (H) of this section.
>
> (1) Except as provided in division (C)(2) of this section, whoever violates division (A)(1), (2), or (3) of this section is guilty of an

---

[2] R.C. 4511.203(C)(2) does specify certain circumstances, such as multiple repeat offenses, wherein the offense remains a first degree misdemeanor. However, the record does not indicate that Taylor was subject to any of those provisions.

*unclassified misdemeanor*. When the offense is an unclassified misdemeanor, the offender shall be sentenced pursuant to sections 2929.21 to 2929.28 of the Revised Code, *except that the offender shall not be sentenced to a jail term*; the offender shall not be sentenced to a community residential sanction pursuant to section 2929.26 of the Revised Code; notwithstanding division (A)(2)(a) of section 2929.28 of the Revised Code, the offender may be fined up to one thousand dollars; * * *.

(Emphasis added.) R.C. 4511.203.

{¶18} Because the earlier version of the statute provided for the imposition of up to a six-month jail sentence, the punishment was reduced by the amendment of the statute. Both the acceptance of her plea and the sentencing occurred after the effective date of the amendment. Therefore, Taylor should have been sentenced subject to the lesser sentence imposed by the amended statute, pursuant to the requirements of R.C. 1.58(B). Appellant's assignment of error is sustained.

{¶19} Having found error prejudicial to the Appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and PRESTON, J., concur.**

**/jlr**