[Cite as *State v. Singh*, 2014-Ohio-3377.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                CASE NO. 8-13-25

     v.

GURWINDER SINGH,                 O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 13 03 0062

Judgment Reversed and Cause Remanded

Date of Decision: August 4, 2014

APPEARANCES:

     *Marc S. Triplett* for Appellant

     *Eric C. Stewart* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant Gurwinder Singh ("Singh") appeals the December 3, 2013 judgment of the Logan County Common Pleas Court denying Singh's pre-sentence motion to withdraw his guilty plea and sentencing Singh to serve five years in prison for Rape in violation of R.C. 2907.02(A)(2), a felony of the first degree.

{¶2} The facts relevant to this appeal are as follows. On March 12, 2013, Singh was indicted for Rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, Kidnapping in violation of R.C. 2905.01(A)(4), a felony of the first degree, and Disrupting Public Service in violation of R.C. 2909.04(A)(3), a felony of the fourth degree. (Doc. 1). The Bill of Particulars alleged that the charges stemmed from a February 25, 2013 incident wherein Singh held a woman against her will, knocked her cell phone out of her hand while she was attempting to call 9-1-1 and raped her. (Doc. 21).

{¶3} On March 19, 2013, an interpreter was appointed for Singh. (Doc. 9). On April 1, 2013, Singh was arraigned and pled not guilty to the charges. (Doc. 12).

{¶4} On October 7, 2013, Singh filed multiple motions *in limine*, one of which sought to exclude evidence regarding Singh's citizenship. Singh was,

according to the Bill of Particulars, from India and had entered the United States illegally. (Doc. 21).

{¶5} On October 9, 2013, Singh entered a written negotiated guilty plea wherein he agreed to plead guilty to the Rape charge in exchange for the State dismissing the remaining counts against him.

{¶6} A plea hearing was then held that same day. At the hearing, the court and defense counsel had a discussion about whether Singh would be subject to a "mandatory" prison term or whether there was simply a presumption of prison. (Oct. 9, 2013, Tr. at 3). Singh's counsel asserted his understanding that the prison sentence was not mandatory. Singh's counsel also informed the court that he had gone over the written plea agreement line-by-line with Singh. (*Id*. at 5).

{¶7} After the court and the attorneys finished their discussion regarding the nature of Singh's potential sentence, the court conducted a Criminal Rule 11 dialogue with Singh, through Singh's interpreter. As part of that plea dialogue, the court said to Singh, "[t]his offense is probationable, although there is a presumption in favor of prison." (*Id*. at 10).

{¶8} When the court had gone through the remainder of the Criminal Rule 11 dialogue, Singh plead guilty to Rape as charged in the indictment and the remaining counts were dismissed. The matter was set for sentencing at a later date.

{¶9} On October 11, 2013, a second hearing was held where the court, defense counsel, and the State reconvened and all agreed that a mistake had been made at the October 9, 2013 plea hearing. This time, the trial court, the State and defense counsel all agreed that rather than a presumption of prison, a prison sentence was mandatory for Singh in this case for the Rape charge. The court stated that the "plea petition" would need to be amended to reflect that changed language, and that the court and counsel needed "to correct [their] advice to the defendant." (Oct. 11, 2013, Tr. at 2). Singh's counsel then stated on the record that "it's my intention to have further discussion with [Singh] regarding the impact of this modification of the Court's advice to him." The court then recessed, and no further discussion was had on the record. It is not clear from the transcript whether Singh was present at this hearing, as the court did not state who was in attendance.[1] At the very least, if Singh was present, he was never directly addressed by the court regarding the earlier mistake.

{¶10} On October 23, 2013, a judgment entry was filed indicating that the court had "informed" Singh on October 11, 2013, that the charge of Rape under R.C. 2907.02(A)(2) carried a mandatory prison sentence. (Doc. 77).

---

[1] The cover of the transcript indicates that both the State and defense counsel were present, and also indicates that Singh's interpreter was present.

**{¶11}** Prior to sentencing, on November 11, 2013, Singh filed a motion to withdraw his guilty plea. (Doc. 79).[2] In support of his motion, Singh contended that despite the trial court's October 23, 2013 judgment entry, Singh was never called before the court to reaffirm his plea after being informed of the mandatory nature of his prison sentence. (*Id.*)

**{¶12}** On November 27, 2013, the trial court held a hearing on the motion to withdraw Singh's guilty plea. At the hearing, each side presented arguments and the State presented the testimony of the officer who had investigated the case. The State also introduced the audio recording of the 9-1-1 call where Singh could be overheard purportedly restraining and raping the victim in this case.[3] At the conclusion of the hearing, the trial court overruled Singh's motion and proceeded to sentence Singh. Singh was subsequently sentenced to serve five years in prison.

**{¶13}** A judgment entry denying Singh's motion and memorializing his sentence was filed December 3, 2013. It is from this judgment that Singh appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED WHEN IT OVERRULED MR. SINGH'S MOTION TO WITHDRAW HIS GUILTY PLEA**

---

[2] This motion was amended (Doc. 81), and supplemented (Doc. 82).
[3] The call had connected to 9-1-1 prior to the phone being knocked out of the victim's hands, and continued to record throughout the incident.

{¶14} In his assignment of error, Singh contends that the trial court erred when it overruled his motion to withdraw his guilty plea. Specifically Singh contends that the trial court erred by incorrectly advising Singh regarding the mandatory nature of his prison sentence at the original plea hearing and not advising him on the record regarding this issue at the subsequent hearing, thus rendering his plea not "knowing" and "intelligent."

{¶15} Crim.R. 32.1 provides in pertinent part that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." While the general rule is that motions to withdraw guilty pleas, made before sentencing, are to be freely granted, the right to withdraw a guilty plea is not absolute. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph one of the syllabus. The trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. *Id*. The decision to grant or deny a motion to withdraw a guilty plea is within the sound discretion of the trial and will not be disturbed on appeal, absent an abuse of discretion. *Id*. at paragraph two of the syllabus. A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or

grossly unsound. *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 18 (2d Dist.).

{¶16} There are several factors that have been delineated by this and other courts to assist in our review of the trial court's determination to grant or deny a motion to withdraw a guilty plea, including: (1) whether the State will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration of the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Prince*, 3d Dist. Auglaize No. 2-12-07, 2012-Ohio-4111, ¶ 22; *State v. Lefler*. 3d Dist. Hardin No. 6-07-22, 2008-Ohio-3057, ¶ 11; *State v. Fish*, 104 Ohio App.3d 236, 240 (1st Dist.1995).

{¶17} In this case the State concedes, and thus the parties are in agreement, that Singh was improperly advised at his plea hearing regarding the mandatory nature of his prison sentence. The State argues, however, that the improper notification was subsequently corrected by the trial court such that any defect in the earlier plea hearing was cured.

**{¶18}** At the plea hearing in this case, when the trial court was conducting its Criminal Rule 11 dialogue with Singh, the trial court told Singh that the "offense is probationable, although there is a presumption of prison." (Tr. at 10). The trial court finished its dialogue with Singh without correcting this statement.

**{¶19}** Two days later, the court convened with the State and Singh's counsel on the record. The State and Singh's counsel agreed at this brief "hearing" that the prison term for Singh was actually mandatory for the Rape offense rather than "presumed." The court and Singh's attorney talked about the need to discuss this change with Singh, and the need to correct Singh's written plea agreement.

**{¶20}** Singh's plea agreement appears to have originally contained a typewritten "Yes" as to whether the prison term was mandatory for Rape. This "Yes" was crossed out prior to the original plea hearing and replaced with a handwritten "no." The record does appear to indicate that the plea agreement was subsequently altered *again* to accurately reflect the mandatory nature of the prison term. On page four of the written plea agreement, there is a handwritten amendment dated October 11, 2013 indicating that the prison sentence was mandatory rather than Singh merely having a "presumption of prison" for the Rape offense. (Doc. 71). There is also some further writing or initialing next to this amendment, perhaps indicating Singh's initials, but it is indecipherable. (*Id.*)

{¶21} However, despite the change in the written plea agreement, and the State's contention that the problems with the original plea hearing were cured in the subsequent hearing, Singh was never addressed by the court at the second hearing on the record. The second "hearing" consisted of what amounts to two-and-a-half pages of dialogue between the court, the State, and defense counsel clearing up that the prison sentence was mandatory rather than presumed. The discussion was ended without Singh ever being addressed, with the record indicating that Singh's counsel intended to speak with Singh "regarding the impact of this modification of the Court's advice to him." (Tr. at 3). There is no indication that the court ever specifically advised Singh of the prior mistake or that Singh was given an opportunity to reevaluate his plea in light of the new information. Thus based on the record it does not seem, as the State suggests, that the court's improper advisement of Singh at the original plea hearing was corrected at the second hearing.

{¶22} We have held previously that a trial court's improper advisement of a defendant at a plea hearing regarding whether his sentence was mandatory—and thus whether the defendant was subject to judicial release—rendered his plea void. *State v. Cook*, 3d Dist. Putnam No. 12-01-15, 2002-Ohio-2846, ¶ 12 ("when reviewing the record, it appears that there was a specific misunderstanding and mistake of law by court and counsel as to whether Cook was eligible for judicial

release. We believe a fundamental error of this nature * * * is sufficient to void the plea[.]"). In *Cook*, we found that this error constituted a manifest injustice sufficient to warrant withdrawal in a *post*-sentence guilty plea withdrawal motion, where a much higher standard is employed than in the case before us.

{¶23} Similarly, in *State v. Bush*, 3d Dist. Union No. 14-2000-44, 2002-Ohio-6146, ¶11, we found that a trial court's improper notification to the defendant about his eligibility for judicial release warranted granting defendant's motion to withdraw his plea. *See also State v. Cox*, 3d Dist. Union No. 14-06-47, 2007-Ohio-6023, ¶ 18 ("[I]t is evident that the trial court initially read the erroneous information to Cox, but then found the error and attempted to correct the misinformation. However, from our reading of the transcript, we are unable to say the trial court clearly informed Cox regarding the correct terms of judicial release or that Cox understood when he would be eligible for his judicial release."). In *State v. Taylor*, 3d Dist. Seneca No. 13-12-25, 2012-Ohio-5130, ¶¶ 13-19, we reversed a trial court's denial of a motion to withdraw a guilty plea where a defendant was "given the wrong information concerning her [potential] sentence." *Taylor* at ¶ 15. In *State v. Maney*, 3d Dist. Defiance Nos. 4-12-16, 4-12-17, 2013-Ohio-2261, we reversed the denial of a pre-sentence motion to withdraw a guilty plea where the defendant was incorrectly notified of the

maximum possible sentence and incorrectly notified of mandatory post-release control. *Maney* at ¶ 28.

{¶24} On the basis of our prior case law we find that the trial court erred in failing to grant Singh's motion as Singh was never properly informed on the record regarding the nature of his sentence, and he was never given an opportunity to evaluate his plea in light of the new information.

{¶25} Notwithstanding the court's error, the State makes several arguments to support the trial court's denial of Singh's pre-sentence motion to withdraw his guilty plea, including that the State would be prejudiced by the withdrawal. However, the State has not shown the unavailability of any of its witnesses, relying only on the difficulty of the victim of having to go through with trial. The State also argues that Singh was represented by highly competent counsel, and that there was overwhelming evidence of Singh's guilt, particularly with regard to the audio recording of the 9-1-1 call where the purported rape could be overheard. While both of these arguments may be true, they do not negate the fact that Singh was improperly advised as to the nature of his plea at the plea hearing, and the subsequent hearing does not establish on the record that Singh was able to re-evaluate his plea once he was made aware of the mandatory nature of his prison sentence.

{¶26} Accordingly, for the aforementioned reasons the judgment of the Logan County Common Pleas Court is reversed and the cause is remanded for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and PRESTON, J., concur.**

**/jlr**