[Cite as *State v. Singh*, 2015-Ohio-4130.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 8-15-04

    v.

GURWINDER SINGH,

    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court

Trial Court No. CR13-03-0062

Judgment Affirmed in Part, Reversed in Part

Date of Decision: October 5, 2015

APPEARANCES:

    *Mark S. Triplett* for Appellant.

    *Eric C. Stewart* for Appellee.

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Gurwinder Singh ("Singh") brings this appeal from the judgment of the Court of Common Pleas of Logan County finding him guilty of gross sexual imposition and kidnapping and imposing a prison sentence. Singh challenges the trial court's failure to instruct the jury on lesser included offenses, the trial court's imposition of sentence, and trial counsel's performance. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{¶2} On February 25, 2013, the victim went to visit Singh at the convenience store where he worked. After the store closed, the victim took a wine cooler from the store's cooler and went with Singh to his living quarters at the rear of the store. The two spoke for a while and the victim then indicated that she wanted to go. Singh tried to keep her there, so the victim pulled out her phone and dialed 9-1-1. The call connected, but Singh knocked the phone out of her hand. The operator heard Singh attempt to coax the victim into having sexual intercourse with him and the victim's repeated refusals and attempts to get away. According to the victim, Singh engaged in sexual conduct with her and then let her leave. The police eventually located the victim and took her to the hospital where a rape exam was completed. Singh was then arrested.

{¶3} On March 12, 2013, the Logan County Grand Jury indicted Singh on three counts: 1) Rape in violation of R.C. 2907.02(A)(2), a felony of the first

-2-

degree; 2) Kidnapping in violation of R.C. 2905.01(A)(4), a felony of the first degree; and 3) Disrupting Public Service in violation of R.C. 2909.04(A)(3), a felony of the fourth degree. Doc. 2. On October 9, 2013, Singh filed a petition to change his plea from one of not guilty to guilty to one count of rape. Doc. 71. A hearing was held that same day on the petition. Doc. 78. The trial court accepted the plea of guilty to one count of rape and dismissed the remaining counts of the indictment. *Id.* On November 19, 2013, prior to the sentencing hearing, Singh filed a motion to withdraw his guilty plea. Doc. 79. A hearing was held on the motion on November 27, 2013, and the motion was denied. Doc. 85. The trial court then sentenced Singh to serve a prison term of five years. *Id.* On December 23, 2013, Singh appealed from this judgment. Doc. 95. On August 4, 2014, this court reversed the judgment of the trial court and found the guilty plea to have been improperly accepted. Doc. 107, *State v. Singh*, 3d Dist. Logan No. 8-13-25, 2014-Ohio-3377. The case was remanded, the guilty plea was withdrawn, and eventually, the matter went to trial.

{¶4} A jury trial was then held from February 18 to February 19, 2015. At the conclusion of the trial, the jury returned verdicts of not guilty of rape as charged in the indictment, not guilty of sexual battery (a lesser included offense of the rape charge), guilty of gross sexual imposition (a lesser included offense of the rape charge), guilty of kidnapping as charged in the indictment, and not guilty of disrupting public service as charged in the indictment. Doc. 183. The trial court

entered judgment accepting the verdict and imposing sentence on February 24, 2015. Doc. 189. The trial court determined that the conviction for gross sexual imposition merged with that for kidnapping for the purpose of sentencing and the State chose to proceed on the kidnapping conviction. *Id.* The trial court then imposed a prison term of nine years. *Id.* On March 6, 2015, Singh filed his notice of appeal from the judgment of the trial court. Doc. 196. The following assignments of error are raised on appeal.

**First Assignment of Error**

**The trial court abused its discretion when it refused to instruct the jury on the lesser included offenses of abduction and unlawful restraint.**

**Second Assignment of Error**

**Defense counsel performed deficiently and [Singh] was prejudiced by counsel's deficient performance.**

**Third Assignment of Error**

**The trial court erred when it imposed costs and additional fees in its sentencing entry.**

{¶5} In the first assignment of error, Singh claims that the trial court erred by failing to instruct the jury on the lesser included offenses of abduction and unlawful restraint as well as the kidnapping charge. Generally a jury can find a defendant not guilty of the offense charged, but guilty of a lesser included offense. R.C. 2945.74 and Crim.R. 31(C). The Ohio Supreme Court has held "that a charge on a lesser included offense is required when the facts warrant it and

improper when the facts do not warrant it[.]" *State v. Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, ¶20, 18 N.E.3d 1207.

> **If the trier of fact could reasonably find against the state and for the accused upon one or more of the elements of the crime charged and for the state on the remaining elements, which by themselves would sustain a conviction on a lesser-included offense, then a charge on the lesser-included offense is required.**
>
> **Conversely, if the jury could not reasonably find against the state on an element of the crime, then a charge on a lesser-included offense is not only not required, but is also improper.**

*State v. Kilby*, 50 Ohio St.2d 21, 24-25, 361 N.E.2d 1336 (1977). "Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988). "In determining whether lesser-included-offense instructions are appropriate, 'the trial court must view the evidence in the light most favorable to the defendant.'" *Wine, supra* at ¶21 (quoting *State v. Monroe*, 105 Ohio St.3d 384, 2005-Ohio-2282, 827 N.E.2d 285, ¶ 37). In determining whether a particular offense should be submitted to the jury as a lesser included offense, the Ohio Supreme Court has set forth a two-tiered analysis. *State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, 989 N.E.2d 986.

> **The first tier, also called the "statutory-elements step," is a purely legal question, wherein we determine whether one offense is generally a lesser included offense of the charged offense. * * ***

**The second tier looks to the evidence in a particular case and determines whether "'a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense.'" * * * Only in the second tier of the analysis do the facts of a particular case become relevant.**

*Id.* at ¶6 (citations omitted).

{¶6} In this case, Singh claims that the trial court erred by not instructing the jury on the charges of abduction and unlawful restraint as well as kidnapping. "Kidnapping", as charged in this case, required the State to prove that Singh, by force, threat, or deception restrained the liberty of the victim for the purpose of engaging in sexual activity, which includes both sexual conduct and sexual contact. R.C. 2905.01, 2907.01. As charged in this case, kidnapping is a felony of the first degree. "Abduction" can be defined as occurring when a person, without privilege to do so, restrains the liberty of another by threat or force with a sexual motivation. R.C. 2905.02(A)(2), (B). "'Sexual motivation' means a purpose to gratify the sexual needs or desires of the offender." R.C. 2971.01(J). One who commits this conduct is guilty of a felony of the third degree. R.C. 2905.02(C). "Unlawful restraint" can be defined as occurring when a person, "without privilege to do so and with a sexual motivation," restrains the liberty of another. R.C. 2905.03(B). One who violates this statute is guilty of a misdemeanor of the third degree. R.C. 2905.03(C). All of these offenses involve the restraint of

liberty with a sexual purpose.  Thus, abduction and unlawful restraint can be lesser included offenses of the charge of kidnapping.[1]

**{¶7}** Since the other charges can be lesser included offenses, the next question is whether the facts in this case would support the trial court instructing the jury on the additional offenses.  "The mere fact that an offense is a lesser included offense of the charged offense does not mean that the trial court must instruct on both offenses." *State v. Simonis,* 3d Dist. Seneca No. 13-14-05, 2014-Ohio-5091, ¶32.  A party is only entitled to such an instruction if the evidence would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense.  *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶192.  As noted by the Ohio Supreme Court, when conducting this analysis, the evidence must be viewed in a light most favorable to the defense. *Wine, supra.*

**{¶8}** In this case, the State presented the following relevant evidence. Robert Huffman ("Huffman") testified that he was a police officer who was working dispatch the night the 9-1-1 call was received, testified to receiving the call, and identified Exhibit 1 as a recording of the call.  Tr. 80, 85.  Huffman testified that the call was an "open line" call and that it sounded like a sexual

---

[1] We note that the State points to cases where abduction was found not to be a lesser included offense of kidnapping because kidnapping can be accomplished through deception and abduction cannot.  However, those cases were decided before the current line of Supreme Court cases holding that the elements need not align perfectly, only that it is possible to commit both at the same time. *See Deanda, supra*, *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, and *State v. Smith*, 117 OhioSt.3d 447, 2008-Ohio-1260, 884 N.E.2d 595.

assault was occurring. Tr. 82. The CD was played in open court and the victim was heard repeatedly saying "you're hurting me." Tr. 85-86. The male voice was heard telling her to open her legs and the victim responded that she would do what he wanted if he stopped hurting her. Tr. 86. The male voice repeatedly told the victim to open her legs and she continued to say no and to attempt to get away from him. Tr. 86-93. The recording revealed multiple instances where the victim told the male to get off of her and to let go of her. Tr.86-93. After the call was disconnected, Huffman was able to contact the victim on the phone. Tr. 95. The victim told Huffman where the incident had occurred and indicated that she was going home. Tr. 95. Huffman then sent a deputy to meet her there. Tr. 96.

{¶9} The victim testified that she and Singh were friends and that she had known him for approximately six months. Tr. 133. The victim admitted that Singh would give her and her daughter free items and she liked getting them, but testified that she had not wanted to be anything other than friends. Tr. 134-35. On the night of the incident, the victim went to the store to visit with Singh and she drank a wine cooler and grabbed a beer for her friend at home. Tr. 151-52. She then went into the back room with Singh, and then she told him she had to get home to her daughter. Tr. 152. Singh kept trying to talk her into staying. Tr. 152. When she tried to leave, he grabbed her purse from her. Tr. 152. The victim pulled her phone out of her pocket and called 9-1-1. Tr. 153. Singh pushed her onto the bed and she got back up. Tr. 153. Singh then knocked the phone out of

her hand and it fell to the floor. Tr. 154. After pushing the victim to the ground, Singh got on top of her and began kissing her and touching her breasts. Tr. 154. The victim testified that Singh engaged in vaginal intercourse with her.[2] Tr. 158.

{¶10} Viewing the evidence relevant to the kidnapping charge in a light most favorable to Singh, it is clear that a reasonable juror could conclude that the victim's liberty was restrained. It is also clear from the evidence that Singh used force to restrain the victim's liberty by pushing her down and getting on top of her. The recording of the 9-1-1 call had the victim repeatedly stating that Singh was hurting her and telling him to get off of her. Singh presented no evidence to indicate that these events did not occur. There was also evidence to suggest that these actions were taken for the purpose of engaging in sexual conduct or sexual contact, as is needed for a kidnapping conviction, and not just with a sexual motivation. Given the particular facts of this case, the trial court did not abuse its discretion in determining that the evidence would not support a rejection of the kidnapping charge, yet support a conviction for either abduction or unlawful restraint with a sexual motivation. Therefore, the trial court did not err in refusing to give instructions on those charges. The first assignment of error is overruled.

{¶11} In the second assignment of error, Singh alleges that he was denied effective assistance of counsel.

---

[2] Although the State alleges in its brief that there was a question as to whether penetration occurred, the testimony on the victim was that it did. There was not a question as to whether there was evidence of penetration, but rather a question of the credibility of the victim when testifying.

> In evaluating whether a petitioner has been denied effective assistance of counsel, this court has held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and substantial justice was done." State v. Hester (1976), 45 Ohio St.2d 71, 74 O.O.2d 156, 341 N.E.2d 304, paragraph four of the syllabus. When making that determination, a two-step process is usually employed. "First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976), 48 Ohio St.2d 391, 396–397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135, 57 L.Ed.2d 1154.
>
> On the issue of counsel's ineffectiveness, the petitioner has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. See Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 31 O.O.2d 567, 209 N.E.2d 164; * *915 State v. Jackson, 64 Ohio St.2d at 110–111, 18 O.O.3d at 351, 413 N.E.2d at 822.

State v. Calhoun, 86 Ohio St.3d 279, 289, 1999–Ohio–102, 714 N .E.2d 905.

{¶12} Singh alleges that trial counsel was ineffective for failing to cross-examine the victim on her history of making 9-1-1 calls. Singh alleges that cross-examining the victim on this history would have further damaged her credibility. "The scope of cross-examination falls within the ambit of trial strategy, and debatable trial tactics do not establish ineffective assistance of counsel." State v. Conway, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶101. Other than a potential challenge to the victim's credibility, there is no reason given as to why the calls were relevant at all and there is no reason given why the decision not to

question the victim regarding her prior calls to the police was not a valid trial strategy.[3] The jury heard a recording of the incident in which the victim repeatedly stated that she wanted to leave and Singh repeatedly told her no and repeatedly told her to open her legs. Given this evidence, any attempt to argue that the victim has been the alleged victim of many offenses or made up the offenses would not likely have changed the jury's verdict as to the kidnapping charge. Thus, counsel was not ineffective for failing to cross-examine the victim on her prior calls to 9-1-1. The second assignment of error is overruled.

{¶13} The final assignment of error challenges the imposition of court costs and fees in the sentencing entry without addressing them at the sentencing hearing. The Ohio Supreme Court has held that the failure to address court costs and fees at the sentencing hearing and then imposing them in the journal entry is reversible error that requires remand for the limited purpose of remedying the error. *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278. The State concedes that the trial court erred in this case by failing to address the imposition of costs and fees at the sentencing hearing. Based upon the holding in *Joseph*, this court agrees. The third assignment of error is sustained.

{¶14} Having found prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Logan County is affirmed in part

---

[3] It is possible that showing that the victim had repeatedly been the victim of domestic abuse would have made the jury more sympathetic towards her.

and reversed in part. The matter is remanded to the trial court for further proceedings in accord with this opinion.

***Judgment Affirmed in Part,***
***Reversed in Part***

**ROGERS, P.J. and SHAW, J., concur.**

**/hlo**