JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Rodney Roberts, appeals the judgment of the Cuyahoga County Court of Common Pleas in two criminal cases. In CR-496177, appellant appeals his conviction on one count of aggravated assault with one and three year firearm specifications, and the four-year prison sentence imposed by the trial court. In the second case, CR-498017, appellant entered a plea of guilty to a four-count indictment consisting of one count of drug possession, two counts of drug trafficking, and one count of possession of criminal tools, and now appeals challenging the trial court's compliance with the requirements of Crim. R. 11. For the reasons stated below, we affirm in part, reverse in part, and remand the matter for further proceedings.
 {¶ 2} The charges against appellant in this case arose out of a shooting incident on April 25, 2007. The victim, Sherman Glenn, testified that he was driving to the store that day and had just parked in front of the store when he saw appellant speeding down the street from the opposite direction. Appellant pulled up in the middle of the street, got out of his car, and started hollering at Glenn. Glenn then got out of his car. Appellant pushed Glenn and a fistfight ensued. The two had exchanged punches for about two minutes when appellant stopped fighting, walked over to his car, and retrieved a gun. Glenn testified that appellant fired the *Page 3 
gun seven times, putting five bullets through the windshield of Glenn's car and hitting the driver's side door with two more. After he had fired all of the bullets, appellant got in his car and drove away. Glenn was standing outside of his car near the driver's side door but was not injured. Glenn called 911 and the Cleveland police responded.
 {¶ 3} Appellant was indicted on one count of felonious assault with one and three year firearm specifications. Appellant waived a jury trial and the case was tried to the court. In addition to Glenn's testimony, the state presented the taped 911 call, crime scene photographs of Glenn's car showing the bullet holes in the windshield, and the testimony of the Cleveland police officer who first responded to the shooting.
 {¶ 4} After the trial court denied appellant's Crim. R. 29 motion for acquittal, the state requested that the court consider the lesser offense of aggravated assault in the event it could not find felonious assault in the case. The trial court found appellant guilty of aggravated assault with the firearm specifications and sentenced him to one year on the assault and three years on the firearm specifications. Appellant raises three errors for review relative to this conviction.
 {¶ 5} "I. Defendant was denied his Sixth Amendment right to a jury trial when the waiver of a jury trial was not made in open court."
 {¶ 6} In State v. Lomax, 114 Ohio St.3d 350, 2007-Ohio-4277, the Ohio Supreme Court held in the syllabus: *Page 4 
 {¶ 7} "1. A waiver of the right to a trial by jury must not only be made in writing, signed by the defendant, and filed as a part of the record, but must also be made in open court. (R.C. 2945.05, applied.)
 {¶ 8} "2. To satisfy the `in open court' requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court."
 {¶ 9} Appellant contends that his jury waiver does not satisfy the open court requirement. Notably, appellant does not argue that he never acknowledged the jury waiver to the trial court in open court, nor does he contend that his waiver was not knowingly, intelligently, and voluntarily made. Appellant argues only that there is no record that the jury waiver was made in open court. The sole question before us, therefore, is whether there is some evidence in the record that demonstrates that appellant, while in the courtroom and in the presence of counsel, acknowledged the jury waiver to the trial court.Lomax. We conclude that there is.
 {¶ 10} Appellant's trial was scheduled for November 16, 2007. The record reflects that on that date, the trial court rescheduled the trial to November 21, 2007 at appellant's request. A written jury waiver, signed by appellant, his counsel, and the trial judge, and dated November 16, 2007 was also filed for record on that date. The state contends that all parties were present in court on November 16, 2007 when the jury waiver was executed, and that the trial was then continued at appellant's request. *Page 5 
 {¶ 11} In a separate journal entry relating to the November 16, 2007 proceeding, the court stated:
 {¶ 12} "Defendant executed a written jury waiver and on the recordorally waived defendant's right to a trial by jury. Court finds that the defendant knowingly, intelligently and voluntarily waived rights to a trial by jury." (Emphasis added.)
 {¶ 13} The record does not contain a transcript of the hearing or an App. R. 9(C) statement of the November 16, 2007 proceeding. Appellant has the duty to provide the appellate court with a transcript of the relevant trial court proceedings. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199. In the instant case, there is more than just a presumption of regularity. The record contains the waiver signed by appellant, his counsel and the trial judge. With this, and the court's journal entry reflecting appellant's oral waiver on the record, we find there is sufficient evidence that appellant was in the courtroom, and in the presence of counsel acknowledged the jury waiver to the trial court. Appellant's first assignment of error is overruled.
 {¶ 14} "II. Defendant was denied due process of law when the court convicted defendant of aggravated assault." *Page 6 
 {¶ 15} "III. Defendant was denied due process of law when there was insufficient evidence to convict defendant of aggravated assault."
 {¶ 16} In his second and third assignments of error, appellant challenges the sufficiency of the evidence supporting his conviction for aggravated assault.
 {¶ 17} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. A reviewing court will not overturn a conviction for insufficiency of the evidence unless it finds that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh, 90 Ohio St.3d 460, 484, 2001-Ohio-4.
 {¶ 18} The weight to be given the evidence introduced at trial and the credibility of the witnesses are primarily for the trier of fact to determine. State v. Thomas (1982), 70 Ohio St.2d 79, syllabus. Further, it is not the function of an appellate court to substitute its judgment for that of the fact-finder. Jenks, supra, at 279. *Page 7 
 {¶ 19} Appellant was indicted on a charge of felonious assault. Following a trial to the bench, the court found appellant guilty of aggravated assault. Aggravated assault is an inferior degree of felonious assault. Its elements are identical to those of felonious assault, except for the additional mitigating element of serious provocation. State v. Deem (1988), 40 Ohio St.3d 205, 208. The provocation mitigates the crime, rendering the provoked defendant less worthy of blame and subject to less punishment. See State v. Shane
(1992), 63 Ohio St.3d 630.
 {¶ 20} R.C. 2903.11(A)(2) defines felonious assault as: "No person shall knowingly *** cause serious physical harm to another *** by means of a deadly weapon or dangerous ordnance." R.C. 2903.12(A)(2) sets forth the offense of aggravated assault as: "No person, while under the influence of sudden passion or in a fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly *** cause or attempt to cause serious physical harm to another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code."
 {¶ 21} Appellant contends that the evidence did not show provocation. He argues that when he went to his vehicle and retrieved the gun, the fight had ended. Finally, appellant argues that there was no evidence that he caused or attempted to *Page 8 
cause physical harm to Glenn because Glenn testified that appellant never pointed the gun at him.
 {¶ 22} Serious provocation must be reasonably sufficient to bring on extreme stress and sufficient to incite or arouse a defendant into using deadly force. State v. Koballa, Cuyahoga App. No. 82013, 2003-Ohio-3535, citing State v. Shane (1992), 63 Ohio St.3d 630. The court must consider the emotional and mental state of the defendant as well as the conditions and circumstances surrounding him. Id. The determination of what is reasonable provocation is a question of fact for the fact-finder. State v. Shane, supra.
 {¶ 23} We find in this case that there was sufficient evidence to support an aggravated assault conviction. The testimony at trial established that prior to the shooting incident there was a disagreement between appellant and Glenn over a girl. The disagreement escalated into an argument and then into a fistfight in front of the store. Appellant stopped fighting and immediately went to his car, retrieved a gun and fired it multiple times, hitting Glenn's car. Some of the bullets entered the car through the windshield and others ricocheted off the driver's side door. Although Glenn testified that appellant did not aim the gun directly at him, the fact that Glenn testified that two of the bullets were fired at, and hit, the driver's side door near to where he was standing is sufficient to lead a rational trier of fact to find that appellant attempted to cause Glenn physical harm. *Page 9 
 {¶ 24} Appellant's second and third assignments of error are overruled, and the judgment of the trial court in case No. CR-496177 is affirmed.
 CASE NO. CR-498017 {¶ 25} In the second case, appellant was indicted in a four-count indictment charging one count of possession of crack cocaine, two counts of drug trafficking, and one count of possessing criminal tools. After entering a plea of not guilty to the indictment, appellant subsequently withdrew his plea and entered pleas of guilty to all counts of the indictment. The trial court addressed appellant and accepted his guilty pleas. At sentencing, the court imposed a one-year sentence on counts one and two, and a six-month sentence on counts three and four with all terms to be served consecutively. Appellant now appeals raising the following four challenges to the validity of the guilty pleas and the court's sentence.
 {¶ 26} "IV. Defendant was denied due process of law when the court accepted pleas of guilty without informing defendant as to the penalties for the offenses.
 {¶ 27} "V. Defendant was denied due process of law when the court failed to merge the drug offenses.
 {¶ 28} "VI. Defendant was denied due process of law when he was sentenced to consecutive terms of imprisonment on judicial factfinding.
 {¶ 29} "VII. The court erred in assessing court costs when no costs were assessed at sentencing." *Page 10 
 {¶ 30} In his fourth assignment of error, appellant challenges the validity of his guilty pleas, arguing that his pleas were not knowingly, intelligently, or voluntarily made because he was not made aware of the maximum penalty that could be imposed for the offenses to which he entered a plea.
 {¶ 31} When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. State v.Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179. To ensure that a plea is knowingly, intelligently, and voluntarily made, Crim. R. 11 sets forth certain determinations a trial court must make prior to accepting a guilty plea. One of the determinations that the trial court must make is that the defendant "is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved." Crim. R. 11(C)(2)(a). The failure of a trial court to properly inform a defendant of the maximum penalty applicable to his offense is reversible error. State v. Caplinger (1995), 105 Ohio App.3d 567, citing State v.Gibson (1986), 34 Ohio App.3d 146.
 {¶ 32} Our review of the hearing transcripts finds that the trial court failed to apprise appellant of the maximum penalty involved for any of the offenses in the indictment prior to accepting his guilty pleas. The state also concedes this issue. Accordingly, we sustain appellant's fourth assignment of error, reverse the conviction, and remand this case to the trial court. *Page 11 
 {¶ 33} Having sustained appellant's fourth assignment of error and reversed the judgment of the trial court, we need not address the fifth, sixth, and seventh assignments of error. App. R. 12(A)(1)(c).
 {¶ 34} This cause is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
It is ordered that the parties bear their own costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGER, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1