THE STATE OF OHIO, APPELLANT, *v.* DEANDA, APPELLEE.

[Cite as *State v. Deanda,* 136 Ohio St.3d 18, 2013-Ohio-1722.]

*Criminal law—Lesser included offenses—Attempts as charged offense—*
*Attempted murder and felonious assault by causing serious physical harm.*

(No. 2012-0471—Submitted January 22, 2013—Decided May 1, 2013.)

APPEAL from the Court of Appeals for Seneca County,

No. 13-10-23, 2012-Ohio-408.

_____

**O'NEILL, J.**

{¶ 1} In this case, we are called upon to determine whether felonious assault through causing serious physical harm is a lesser included offense of attempted murder. Based on our interpretation of the applicable statutes and extension of our holdings in *State v. Smith*, 117 Ohio St.3d 447, 2008-Ohio-1260, 884 N.E.2d 595, and *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, we hold that it is.

**Factual and Procedural Background**

{¶ 2} On September 23, 2009, the Seneca County Grand Jury returned an indictment charging David L. Deanda with one count of attempted murder, in violation of R.C. 2923.02 and 2903.02(A). Deanda entered pleas of not guilty and not guilty by reason of insanity. Evidence was presented at trial that Deanda confronted David Swartz outside Deanda's residence and that an altercation erupted between the two. Deanda attacked Swartz with a stick until Swartz wrested the stick from Deanda and began to hit him with it. Deanda grabbed a nearby knife and began to stab Swartz. Deanda repeatedly stated, "I'm gonna kill you," during and after the altercation. Swartz sustained seven stab wounds to his

back, neck, and face, though none of the wounds was deep enough to be life-threatening.

{¶ 3} At the end of his jury trial for attempted murder, Deanda requested an instruction on the lesser included offenses of assault and aggravated assault but opposed the state's request for an instruction on felonious assault. After consulting *Ohio Jury Instructions*, the trial court concluded that it would provide instructions on all lesser included offenses requested by both parties. The jury returned verdicts of not guilty on the charge of attempted murder but guilty on the charge of felonious assault.

{¶ 4} On Deanda's appeal, the Third District Court of Appeals reversed his conviction, holding that felonious assault is not a lesser included offense of attempted murder, pursuant to *State v. Barnes*, 94 Ohio St.3d 21, 759 N.E.2d 1240 (2002), and *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988). The state appealed the Third District's determination to this court, and we granted discretionary review. 132 Ohio St.3d 1409, 2012-Ohio-2454, 968 N.E.2d 491.

**Analysis**

{¶ 5} Although the concept of lesser included offenses is easily understood in theory, it can be downright baffling in practice. *See Bandy v. State*, 102 Ohio St. 384, 386, 131 N.E. 499 (1921). The origin of the lesser-included-offense doctrine rests in the common law. *Beck v. Alabama*, 447 U.S. 625, 633, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). The rule was intended to protect the state from a complete acquittal when the evidence was inadequate to support a conviction on the offense charged but supported a conviction on some lesser, uncharged offense. *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). Inherent in the lesser-included-offense doctrine is the defendant's constitutional right to receive notice before trial of all charges against him. *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887). "It is ancient doctrine of both the common law and of our Constitution that a defendant cannot

2

be held to answer a charge not contained in the indictment brought against him." *Schmuck v. United States*, 489 U.S. 705, 717, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). The lesser-included-offense doctrine is codified in Ohio law in R.C. 2945.74 and Crim.R. 31(C), which are substantially similar. R.C. 2945.74 provides:

> The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense.

*See also* Crim.R. 31(C).

{¶ 6} The question of whether a particular offense should be submitted to the finder of fact as a lesser included offense involves a two-tiered analysis. *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 13. The first tier, also called the "statutory-elements step," is a purely legal question, wherein we determine whether one offense is generally a lesser included offense of the charged offense. *State v. Kidder*, 32 Ohio St.3d 279, 281, 513 N.E.2d 311 (1987). The second tier looks to the evidence in a particular case and determines whether " 'a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense.' " *Evans* at ¶ 13, quoting *Shaker Hts. v. Mosely*, 113 Ohio St.3d 329, 2007-Ohio-2072, 865 N.E.2d 859, ¶ 11. Only in the second tier of the analysis do the facts of a particular case become relevant. In this case, the state challenges only the court of appeals' holding that felonious assault can never be a lesser included offense of attempted

murder. Therefore, we do not address whether the specific facts of Deanda's offense merited a particular instruction. We are thus concerned only with the first tier of the foregoing analysis.

{¶ 7} Although Ohio's courts have implemented some version of the statutory-elements step of the lesser-included-offenses analysis since the beginning of the state's history, the distinct three-part subset of the statutory-elements step that we now use was first articulated in *State v. Wilkins*, 64 Ohio St.2d 382, 384, 415 N.E.2d 303 (1980):

> An offense may be a lesser included offense of another only if (i) the offense is a crime of lesser degree than the other, (ii) the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.

{¶ 8} This court started to veer away from its multiple-tiered analysis in the per curiam decision of *State v. Rohdes*, 23 Ohio St.3d 225, 492 N.E.2d 430 (1986). In *Rohdes,* the defendant had been indicted for murder but convicted of involuntary manslaughter through aggravated menacing after the trial court granted the state's request for an instruction on that lesser charge. *Id.* at 225-226. Our decision agreed with the instruction, rejecting the defendant's argument that murder can be committed without committing aggravated menacing, stating that the focus is "on what elements a trier of fact could reasonably find from the evidence" and that "a cold comparison of the statutory elements to determine whether they always coincide is irrelevant." *Id.* at 227.

{¶ 9} We subsequently modified *Rohdes* and returned to the analysis articulated in *Wilkins* in *State v. Kidder*, 32 Ohio St.3d 279, 513 N.E.2d 311

(1987). Although *Rohdes* correctly held that an involuntary-manslaughter instruction may be proper for a murder charge, *Kidder* clarified that it had been the "longstanding rule that the evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense." *Kidder* at 282. We provided clarification in *Kidder* by adding language to the second part of the *Wilkins* statutory-elements analysis: "(ii) the offense of the greater degree cannot, *as statutorily defined, ever* be committed without the offense of the lesser degree, *as statutorily defined*, also being committed." (Emphasis added.) *Kidder* at paragraph one of the syllabus.

{¶ 10} Soon thereafter, in order to resolve confusion between analyses for lesser-degree offenses and lesser included offenses, this court further modified the *Wilkins* statutory-elements test in *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph three of the syllabus:

> An offense may be a lesser included offense of another if (i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.

{¶ 11} We applied the newly stated rule to conclude that although aggravated assault is not a lesser included offense of felonious assault, it is an inferior-degree offense. *Id.* at 210-211.

{¶ 12} We stop here in our historical review of lesser included offenses to note that we have held that felonious assault in violation of R.C. 2903.11(A)(2) is not a lesser included offense of attempted murder in violation of R.C. 2903.02(A) and 2923.02(A). *State v. Barnes*, 94 Ohio St.3d 21, 759 N.E.2d 1240. We did not

tread any new ground with our lesser-included-offense analysis, but merely applied the strict statutory-elements test set forth in *Deem*. Further, our discussion in *Barnes* focused solely on felonious assault through using a deadly weapon, and the decision did not extend to the statutory provision at issue in this case, which is felonious assault through causing serious physical harm, in violation of R.C. 2903.11(A)(1). Because the specific statutory provision discussed in *Barnes* is not at issue in this case, we refrain from comment as to its application here.

{¶ 13} The *Deem* statement of the rule remained the norm in Ohio for 20 years, until it was further reworded in *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889. In *Evans,* we were faced with the question of whether robbery as defined in R.C. 2911.02(A)(2) was a lesser included offense of aggravated robbery as defined in R.C. 2911.01(A)(1). Under these statutes, robbery required proof of a threat or an attempt to inflict harm or actual infliction of harm during a theft offense, and aggravated robbery required proof of displaying, brandishing, indicating possession of, or actually using a deadly weapon during a theft offense. The defendant-appellee argued that one could commit theft while indicating possession of a deadly weapon without threatening to inflict harm, such as a scenario where one shoplifts while purchasing the deadly weapon. *Id.* at ¶ 24. Borrowing from recent holdings regarding allied offenses, we rejected this argument as far-fetched and implausible. *Id.* at ¶ 24, citing *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154, ¶ 24. We explained:

> While [the elements of robbery and aggravated robbery] are not identically phrased, we have recognized: "This test is not a word game to be performed by rote by matching the words chosen by the legislature to define criminal offenses. Some offenses, such as

aggravated murder and murder, lend themselves to such a simple matching test; others do not. * * * We would also note that the elements of the offenses are 'matched' only in part (iii) of the test to determine if 'some element' of the greater offense is not found in the lesser offense. The proper overall focus is on the nature and circumstances of the offenses as defined, rather than on the precise words used to define them." *State v. Thomas,* 40 Ohio St.3d 213 at 216–217, 533 N.E.2d 286 [1988]. Thus, the test does not require identical language to define the two offenses, but focuses upon whether the words used in the statute defining the greater offense will put the offender on notice that an indictment for that offense could also result in the prosecution of the lesser included offense.

*Evans* at ¶ 22. Thus, in order "to ensure that such implausible scenarios will not derail a proper lesser included offense analysis" in the future, we made one minor change in the phrasing of the second step of the statutory-elements test stated in *Deem*, by deleting the word "ever." *Id.* at ¶ 25. The second step now requires that "the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed." *Id.* at paragraph two of the syllabus.

{¶ 14} Finally, although we have not made any further alterations to the general statutory-elements test, before *Evans* we did create an additional, separate rule to apply in cases when the statute for the greater offense sets forth multiple alternative methods of committing the offense, in *State v. Smith*, 117 Ohio St.3d 447, 2008-Ohio-1260, 884 N.E.2d 595. In that case, the argument proposed to this court was that theft could not be a lesser included offense of robbery because it was possible to commit robbery through committing a theft or merely attempting to commit a theft. *Id.* at ¶ 22; R.C. 2911.02(A). In rejecting this

argument, we held that "when a statute sets forth mutually exclusive ways of committing the greater offense, a court is required to apply the second part of the [statutory-elements test for determining whether an offense is a lesser included offense] to each alternative method of committing the greater offense." *Id.* at ¶ 28. This modified approach allows for lesser-included-offense instructions for either one of the alternative methods of committing robbery, because the robbery statute puts the defendant on notice of both of those separate alternatives.

{¶ 15} What we glean from the foregoing is that the statutory-elements test for lesser included offenses has been repeatedly refined, clarified, modified, and amended, but it has never been overruled. While the test may produce severe results in some cases, we have learned in the aftermath of *Rohdes* that it is essential to divorce the facts of a particular case from the statutory-elements analysis in order to preserve the defendant's right to notice of the charges against him.

{¶ 16} The proposed lesser included offense in the matter before us is felonious assault in violation of R.C. 2903.11(A)(1), which states, "No person shall knowingly * * * [c]ause serious physical harm to another * * *." The crime forming the foundation of the greater offense is murder in violation of R.C. 2903.02(A), which states, "No person shall purposely cause the death of another * * *." Finally, Ohio's general attempt statute states, "No person, purposely or knowingly, * * * shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A).

{¶ 17} The General Assembly created the general attempt statute in order to consolidate and replace a number of specific attempt crimes. Legislative Service Commission 1973 comments to R.C. 2923.02. The General Assembly also consolidated and replaced a number of special assault offenses by creating the offense of felonious assault. Legislative Service Commission 1973 comments to R.C. 2903.11. In particular, in explaining the newly created offense of

felonious assault, the Legislative Service Commission staff stated that "the offense of felonious assault complements the section on murder" and that felonious assault "is a lesser included offense to attempted murder." Legislative Service Commission 1973 comments to R.C. 2903.12 and 2903.11.

{¶ 18} In looking at the crime of attempted murder through an updated, more pragmatic lens in light of *Evans* and *Smith*, we reiterate that the specific facts of a particular case are still irrelevant to the first step of the lesser-included-offenses analysis. However, we no longer want to look at the elements in a vacuum. Nor do we want to bring out a menu of unrelated, fact-specific hypotheticals. Rather, it is more instructive to consider the charged crime's relationship with potential lesser included offenses, and then follow the language of the applicable statutes in order to ensure the defendant's constitutional right to notice.

{¶ 19} Returning to the statutory elements that are applicable in this case, the core offense of murder requires purposely causing the death of another. R.C. 2903.02(A). One type of felonious assault involves knowingly causing serious physical harm to another. R.C. 2903.11(A)(1). Clearly, the offense of murder necessarily includes the commission of felonious assault through causing serious physical harm, because purposely causing death necessarily involves knowingly causing serious physical harm. Also included in the offense of murder is attempted murder. R.C. 2923.02(A) and 2945.74. The elements of attempt include "engag[ing] in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A).

{¶ 20} The problem with a strict statutory comparison of the above two offenses lies in the fact that the greater charged offense (attempted murder) is not accomplished, whereas the lesser offense (felonious assault) is a completed crime. Certainly it seems illogical to impose the requirement that the greater offense cannot be committed without the lesser offense also being committed, because an

attempt offense almost always involves *not* committing the crime charged. Instead, when attempt is charged, the requirement is simply that the charge give notice of the proposed lesser included offenses. Ensuring the notice that the constitution requires is, after all, the purpose of any analysis of lesser included offenses. And a charge of attempt gives notice that the prosecution may try to prove any element of the completed crime and elements necessarily included within those elements.

{¶ 21} The only practical difference between attempted murder and felonious assault through causing serious physical harm is whether the defendant intended to kill the victim when he engaged in the particular conduct or whether he intended merely to injure the victim with that conduct. Since the desire to physically harm is a subset of, and necessarily included in, the desire to kill, and since one cannot intend to kill without also intending to cause physical harm, we conclude that felonious assault through causing serious physical harm is a lesser included offense of attempted murder.

{¶ 22} Although the wording of the statutes for felonious assault through causing serious physical harm and attempted murder do not cleanly match up, we hold that a charge of attempted murder reasonably puts the defendant on notice that he may be convicted of felonious assault by causing serious physical harm. To hold otherwise would lead to untenable results and would defeat the obvious intent of the General Assembly to allow felonious assault to constitute a lesser included offense of attempted murder. By following the General Assembly's intent, we allow the jury to do its job with proper instructions and ensure that justice is done.

{¶ 23} Accordingly, we hold that the Seneca County Court of Common Pleas correctly provided the jury with an instruction for felonious assault as a lesser included offense at the close of Deanda's trial. We reverse the judgment of the Third District Court of Appeals and remand the cause to that court for

consideration of additional assignments of error that were mooted by its original holding.

Judgment reversed

and cause remanded.

LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'CONNOR, C.J., and PFEIFER and O'DONNELL, JJ., concur in judgment only.

_____

Derek W. DeVine, Seneca County Prosecuting Attorney, and Brian O. Boos, Assistant Prosecuting Attorney, for appellant.

John M. Kahler II, for appellee.

Timothy Young, Ohio Public Defender, and Jeremy J. Masters, Assistant Public Defender, urging affirmance for amicus curiae, Office of the Ohio Public Defender.

_____