[Cite as *State v. Hale*, 2019-Ohio-1398.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2018-04-024 |
| Appellee, | : | O P I N I O N<br>4/15/2019 |
| | : | |
| - vs - | : | |
| | : | |
| CLINTON M. HALE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2017TRC13847

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, Batavia, Ohio 45103, for appellee

The Meadows Law Firm, Jeffrey C. Meadows, 5900 West Chester Road, Suite E, West Chester, Ohio 45069, for appellant

**M. POWELL, J.**

{¶ 1} Appellant, Clinton Hale, appeals his conviction in the Clermont County Municipal Court for operating a motor vehicle with a prohibited blood-alcohol concentration.

{¶ 2} On September 9, 2017, appellant was charged with driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a), operating a motor vehicle ("OVI") with a prohibited blood-alcohol concentration of .17 or more in violation of R.C.

4511.19(A)(1)(h), and failing to drive within marked lanes.[1]  Appellant and the state filed numerous pretrial motions.  As relevant to this appeal, the state filed a pretrial motion for jury instructions on March 19, 2018, asking that the jury be instructed on the offense of OVI in violation of R.C. 4511.19(A)(1)(d) as a lesser included offense of OVI in violation of R.C. 4511.19(A)(1)(h).  By decision filed on March 28, 2018, the trial court granted the state's motion, indicating, "[a]ssuming that the State of Ohio proves all of the elements pursuant to [R.C.] 4511.19(A)(1)(h) beyond a reasonable doubt, this Court intends to instruct the jury as to the elements of [R.C.] 4511.19(A)(1)(d) as a lesser included offense."

{¶ 3}  Appellant moved the trial court to reconsider its ruling granting the state's request for the lesser included offense jury instruction.  A hearing on the motion was conducted on April 2, 2018.  During the hearing, the trial court indicated it had not made a final determination on the issue but stated that at that point in time, it was standing by its decision to grant the state's request for the lesser included offense jury instruction.  The next day, appellant entered a plea of no contest to OVI with a prohibited blood-alcohol concentration of .17 or more.  The other two charges were dismissed.  The trial court accepted appellant's no contest plea and sentenced him accordingly.

{¶ 4}  Appellant now appeals, raising one assignment of error:

{¶ 5}  THE TRIAL COURT ERRED IN GRANTING THE STATE'S MOTION FOR JURY INSTRUCTIONS BECAUSE R.C. 4511.19(A)(1)(d) IS NOT A LESSER INCLUDED OFFENSE OF R.C. 4511.19(A)(1)(h).

{¶ 6}  Jury instructions are matters left to the sound discretion of the trial court.  *State v. Doby*, 12th Dist. Butler No. CA2013-05-084, 2014-Ohio-2471, ¶ 17.  We review a trial

---

1.  After being transported to the Batavia Patrol Post, appellant submitted to a breath test conducted on a BAC DataMaster, which revealed he had a breath-alcohol content of .172 of one gram per 210 liters of breath.

court's decision on requested jury instructions under an abuse-of-discretion standard. *State v. Wolons*, 44 Ohio St.3d 64, 68 (1989). A trial court does not abuse its discretion unless its decision is unreasonable, arbitrary, or unconscionable. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 7} We find that appellant's no contest plea waived his right to a jury trial and, accordingly, waived any error that may have been associated with the trial court's decision granting the state's motion for the lesser included offense jury instruction. Crim.R. 11(B)(2); *State v. DePaolo*, 9th Dist. Medina No. 04CA0090-M, 2005-Ohio-2813, ¶ 9; *State v. O'Rourke*, 4th Dist. Athens No. 14CA11, 2015-Ohio-670, ¶ 10; *State v. Prince*, 71 Ohio App.3d 694, 699 (4th Dist.1991); *State v. Fisher*, 5th Dist. Licking No. 01CA46, 2001 Ohio App. LEXIS 4580, *10-11 (Sept. 25, 2001).

{¶ 8} Alternatively, assuming arguendo that appellant has preserved the issue for appeal, we find no error in the trial court's finding that an OVI in violation of R.C. 4511.19(A)(1)(d) is a lesser included offense of an OVI in violation of R.C. 4511.19(A)(1)(h).

{¶ 9} Appellant was charged with violating R.C. 4511.19(A)(1)(h), which prohibits any person from operating a vehicle if, at the time of the operation, the person "has a concentration of seventeen-hundredths of one gram or more by weight of alcohol per two hundred ten liters of the person's breath." In turn, R.C. 4511.19(A)(1)(d) prohibits any person from operating a vehicle if, at the time of the operation, the person "has a concentration of eight-hundredths of one gram or more but less than seventeen-hundredths of one gram by weight of alcohol per two hundred ten liters of the person's breath."

{¶ 10} In considering whether to instruct a jury on a lesser included offense, a trial court must first determine whether an offense is a lesser included offense of the crime charged. *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, ¶ 13; *State v. Parker*, 12th Dist. Butler No. CA2017-12-176, 2019-Ohio-830, ¶ 53. Such inquiry, "also called the

'statutory-elements step,' is a purely legal question." *State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, ¶ 6. If that inquiry is answered affirmatively, the court must then proceed to determine whether the evidence in the case supports an instruction on the lesser included offense. *Parker* at ¶ 53.

**{¶ 11}** In determining whether an offense is a lesser included offense of another, "a court shall consider whether one offense carries a greater penalty than the other, whether some element of the greater offense is not required to prove commission of the lesser offense, and whether the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed." *Evans* at ¶ 26. Thus, the three-prong test includes a "greater penalty" prong, an "element" prong, and a "concurrent commission" prong.[2] Appellant argues that none of the prongs are satisfied.

**{¶ 12}** Appellant is correct that both offenses are misdemeanors of the first degree and that "the fine and range of license suspension is the exact same." However, an OVI under R.C. 4511.19(A)(1)(h) is punishable by "a mandatory jail term *of at least* three consecutive days *and* a requirement that the offender attend, for three consecutive days, a drivers' intervention program[.]" (Emphasis added.) R.C. 4511.19(G)(1)(a)(ii). By contrast, an OVI under R.C. 4511.19(A)(1)(d) is only punishable by "a mandatory jail term of three consecutive days," that may be substituted for three days in a driver's intervention program at the discretion of the trial court. R.C. 4511.19(G)(1)(a)(i). Thus, despite the fact that both offenses are first-degree misdemeanors, an OVI under R.C. 4511.19(A)(1)(h) carries a

---

2. The Ohio Supreme Court has modified and reworded its test for lesser included offenses over the years. In 1988, the supreme court established a three-prong test for courts to use to determine whether one offense is a lesser included offense of another. *See State v. Deem*, 40 Ohio St.3d 205 (1988). Similar to the *Evans* test, the *Deem* test included a "greater penalty" prong, a "concurrent commission" prong, and an "element" prong in that order. The *Deem* test remained the norm in Ohio for 20 years until it was reworded in *Evans* and the "concurrent commission" prong was clarified by deleting the word "ever." *See State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974. We point out that in rewording the three-prong test, the *Evans* court reversed the order of the second and third prongs set forth in *Deem*. For purposes of this opinion, we are using the three-prong test as set forth in *Evans*.

greater penalty than an OVI under R.C. 4511.19(A)(1)(d). The greater penalty prong of the *Evans* test is therefore satisfied.

{¶ 13} The second prong considers whether some element of the greater offense is not required to prove the commission of the lesser offense. Appellant argues that under this prong, each element of the lesser included offense must be present in the greater offense, and the greater offense must contain an additional element. Consequently, appellant argues that this prong is not met because R.C. 4511.19(A)(1)(h) contains a separate element of blood-alcohol concentration than R.C. 4511.19(A)(1)(d), rather than identical and additional elements. However, the "element" prong does not consider whether one offense requires an "additional element," but "whether some element of the greater offense is not required to prove commission of the lesser offense." *Evans*, 2009-Ohio-2974 at ¶ 26. Proving that a defendant had a blood-alcohol concentration of .17 or more to establish a violation of R.C. 4511.19(A)(1)(h) is an element not required to prove a violation of R.C. 4511.19(A)(1)(d). The element prong of the *Evans* test is therefore satisfied.

{¶ 14} The third prong requires a court to examine the statutory elements of the two offenses and consider whether the greater offense cannot, as statutorily defined, be committed without the lesser offense, as statutorily defined, also being committed. *Id.* at ¶ 14, 26. This prong "is not a word game to be performed by rote by matching the words chosen by the legislature to define criminal offenses." *Id.* at ¶ 22. "The proper overall focus is on the nature and circumstances of the offenses as defined, rather than on the precise words used to define them." *Id.* "Thus, the test does not require identical language to define the two offenses, but focuses upon whether the words used in the statute defining the greater offense will put the offender on notice that an indictment for that offense could also result in the prosecution of the lesser included offense." *Id.*

{¶ 15} Appellant argues that this prong is not met because a person cannot violate

R.C. 4511.19(A)(1)(d) and 4511.19(A)(1)(h) at the same time as "[i]t is factually and logically impossible for a person to be both *between* .08 and .17 AND *above* .17" while operating a vehicle. (Emphasis sic.) However, the greater always includes the lesser. Thus, if a person has a blood-alcohol concentration of .172 at the time he or she is operating a motor vehicle, that person necessarily has a blood-alcohol concentration between .08 and .17.

{¶ 16} In that sense, it is akin to felonious assault under R.C. 2903.11(A)(1), which prohibits a person from knowingly causing serious physical harm to another, and simple assault under R.C. 2903.13(A), which prohibits a person from knowingly causing physical harm to another. Assault is a lesser included offense of felonious assault under these statutes because a defendant who has caused serious physical harm under R.C. 2903.11(A)(1) has necessarily caused or attempted to cause physical harm under R.C. 2903.13(A). *See State v. Lockhart*, 2d Dist. Montgomery No. 15955, 1998 Ohio App. LEXIS 97 (Jan. 16, 1998).

{¶ 17} Likewise, it is akin to attempted murder or murder under R.C. 2903.02(A), which prohibits a person from purposely causing the death of another, and felonious assault under R.C. 2903.11(A)(1). The Ohio Supreme Court found that felonious assault was a lesser included offense of both attempted murder and murder in *Deanda*. Regarding murder, the supreme court held, "[c]learly, the offense of murder necessarily includes the commission of felonious assault through causing serious physical harm, because purposely causing death necessarily involves knowingly causing serious physical harm." *Deanda*, 2013-Ohio-1722 at ¶ 19. Regarding attempted murder, the supreme court held, "[s]ince the desire to physically harm is a subset of, and necessarily included in, the desire to kill, and since one cannot intend to kill without also intending to cause physical harm, we conclude that felonious assault through causing serious physical harm is a lesser included offense of attempted murder." *Id.* at ¶ 21. In light of the foregoing, the concurrent commission prong

- 6 -

of the *Evans* test is satisfied.

{¶ 18} Although the degree of the offenses in the above analogies differ while an OVI under R.C. 4511.19(A)(1)(d) and 4511.19(A)(1)(h) are both first-degree misdemeanors, the analogies remain relevant to the analysis. As discussed above, an OVI under R.C. 4511.19(A)(1)(h) carries a greater penalty than an OVI under R.C. 4511.19(A)(1)(d). In addition, the concurrent commission prong of the *Evans* test does not focus on the degree of the offenses involved but on whether the greater offense cannot be committed without the lesser offense. The purpose of any analysis of lesser included offenses is whether an indictment for a greater offense gives notice that the indictment for that offense could also result in the prosecution of the lesser included offense. *Deanda* at ¶ 20; *Evans*, 2009-Ohio-2974 at ¶ 22.

{¶ 19} Because a blood-alcohol concentration between .08 and .169 is a subset of, and necessarily included in, a blood-alcohol concentration of .17 and above, we conclude that a charge of OVI in violation of R.C. 4511.19(A)(1)(h) reasonably puts a defendant on notice that he may be convicted of an OVI in violation of R.C. 4511.19(A)(1)(d). The trial court, therefore, did not err in ruling that an OVI in violation of R.C. 4511.19(A)(1)(d) is a lesser included offense of an OVI in violation of R.C. 4511.19(A)(1)(h), and did not abuse its discretion in granting the state's motion for the lesser included offense jury instruction. Appellant's assignment of error is overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.