[Cite as *State v. Foster*, 2019-Ohio-2584.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio, :

    Plaintiff-Appellee, :

                                No. 19AP-112

v. : (C.P.C. No. 06CR-6880)

William A. Foster, : (ACCELERATED CALENDAR)

    Defendant-Appellant. :

---

D E C I S I O N

Rendered on June 27, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *William A. Foster*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, William A. Foster, appeals from a decision of the Franklin County Court of Common Pleas entered on January 29, 2019, summarily denying Foster's motion to vacate his murder conviction and sentence as void ab initio. As a result of Foster's 2007 direct appeal we modified the jury verdict finding Foster guilty of aggravated murder so as to find him guilty of the lesser-included offense of murder, having found insufficient evidence of prior calculation and design. *State v. Foster*, 10th Dist. No. 07AP-419, 2007-Ohio-6279 ("*Foster I*"). In this decision, we find that the trial court acted within its proper authority following our remand in *Foster I*, when it resentenced Foster for the offense of murder. Thus, we overrule Foster's sole assignment of error.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 11, 2006, a Franklin County Grand Jury indicted Foster for aggravated murder with a firearm specification and possession of a weapon while under

disability.  (Sept. 11, 2006 Indictment.)  Foster pled "not guilty" and, in 2007, the court held a trial.  (Apr. 25, 2007 Jgmt. Entry at 1.)  The jury found Foster guilty of aggravated murder, and the trial judge found him guilty of the weapon under disability offense.  (Apr. 25, 2007 Jury Verdict Form; Apr. 25, 2007 Bench Verdict Form.)  The trial court sentenced him to 20 years to life for aggravated murder, with an additional consecutive 3 years for the firearm specification and 3 concurrent years for the weapon under disability offense.  (Apr. 25, 2007 Jgmt. Entry at 1.)  Foster appealed.  (May 17, 2007 Notice of Appeal.)

{¶ 3}   In a decision issued on November 27, 2007, this Court affirmed in part and reversed in part.  *Foster I.*  Among other issues, we reviewed the evidence presented at trial and found that there was sufficient evidence to show that Foster fatally shot an unarmed man immediately following an argument at a crack house.  *Id.* at ¶ 7-43.  Yet because "acting on the spur of the moment or after momentary consideration of the purpose to cause death is not sufficient" proof of "prior calculation and design," we found that element of aggravated murder not sufficiently proved at trial.  *Id.* at ¶ 35-42.  However, since the remaining elements of aggravated murder were proved, we found that the prosecution had sufficiently proved that Foster committed the lesser-included offense of murder.  *Id.* at ¶ 43-44.  We then vacated the judgment with respect to the aggravated murder charge and remanded the case for resentencing on the lesser-included offense of murder with a firearm specification.  *Id.* at ¶ 51.

{¶ 4}   On remand for resentencing, the trial court sentenced Foster to 15 years to life for murder and consecutively sentenced him to prison for 3 years for the firearm specification while concurrently sentencing him to 3 years for the weapon under disability offense.  (Jan. 29, 2008 Jgmt. Entry at 2.)  Foster did not directly appeal again.

{¶ 5}   On January 8, 2009, Foster filed what amounted to a postconviction petition in which he sought to argue that the prosecution had knowingly presented false testimony from a jailhouse informant and had failed to timely disclose prior inconsistent statements of another witness.  (Jan. 8, 2009 Petition in passim.)  The trial court denied the petition as untimely and this Court affirmed.  (Feb. 19, 2009 Decision & Entry.)  *State v. Foster*, 10th Dist. No. 09AP-227, 2009-Ohio-5202 ("*Foster II*").

{¶ 6}   Ten years later, on January 8, 2019, Foster filed a motion to vacate the judgment against him as "void *ab initio* for want of subject-matter jurisdiction."  (Jan. 8,

2019 Mot. to Vacate.)   In that motion, he argued that we had no authority to modify the verdict (as we did in *Foster I*), that no jury ever found him guilty of murder, and that therefore, the trial court lacked legal authority to sentence him for that crime.   The State opposed the motion arguing, among other things, that this Court did have the power to reduce Foster's conviction to a lesser-included offense and that the trial court had no choice but to follow our decision when we remanded for resentencing.   (Jan. 16, 2019 Memo. in Opp. at 2, 4.) S*ee also Foster I* at ¶ 7-43, 51.  Approximately two weeks later, without stating reasons for the denial, the trial court denied Foster's motion to vacate.   (Jan. 29, 2019 Decision & Entry.)

{¶ 7}   Foster now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 8}   Foster asserts a single assignment of error for review:

> THE TRIAL COURT VIOLATED THE DEFENDANTS RIGHTS AFFORDED TO THE APPELLANT UNDER THE OHIO CONSTITUTION ARTICLE I §§§'s 2, 10, AND 16 AND THE 5TH, 6TH, AND 14TH AMENDMENTS RIGHTS UNDER THE & UNITED STATES CONSTITUTIONS.

(Sic passim.)

## III.  DISCUSSION

{¶ 9}   Foster summarizes his argument as follows:

> Appellant was never found guilty of the lesser[-]included offense of murder by the jury * * *.  Thus, this Honorable Court lacked the authority to modify the verdict and order resentencing on that modification.

(Foster's Brief at 2.)   Foster reasons that because we found the evidence of aggravated murder was insufficient and he was never convicted of murder by a jury, our decision was wrong, the trial court's resentencing was void, and the proper remedy is now for him to be released.  *Id.* at 11.  This argument does not succeed, either procedurally or substantively.

{¶ 10} The trial court was without authority to overrule our determination and disregard our instructions as to how to proceed. *Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4 (1984). The trial court therefore lacked jurisdiction to engage in the analysis sought by Foster's motion to vacate. *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 20.   And it was

not in a position to consider a decade-delayed appeal in any event. *See* S.Ct.Prac.R. 7.01; App.R. 26(A).

{¶ 11} Even had there been jurisdiction, we note that this Court has authority to modify judgments. App.R. 12(A)(1)(a). Specifically, when a court (including an appellate court) finds that an element of a greater offense on which a defendant has been convicted was not sufficiently proved but that the elements of a lesser-included offense were sufficiently proved, the court is empowered to modify the verdict accordingly. Crim.R. 33(A)(4)[1]; *State v. Reed*, 65 Ohio St.2d 117, 123-25, 123, fn. 1 (1981) (modifying "aggravated murder" to "murder" where, among other issues, "prior calculation and design" were insufficiently proven).

{¶ 12} This is because "[l]esser included offenses need not be separately charged in an indictment[;] when an indictment charges a greater offense, it necessarily and simultaneously charges the defendant with lesser included offenses as well." (Quotation marks omitted.) *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, ¶ 8, quoting *State v. Smith*, 121 Ohio St.3d 409, 2009-Ohio-787, ¶ 14; *State v. Lytle*, 49 Ohio St.3d 154, 157 (1990). This same modification also does not offend Foster's Sixth Amendment right to trial by jury because, by definition, a lesser-included offense is generally committed when the greater offense is committed. *Evans* at paragraph two of the syllabus; *State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, ¶ 6.

{¶ 13} The definition of murder includes this language: "No person shall purposely cause the death of another." R.C. 2903.02(A). The definition of aggravated murder is the same, except that it includes an additional element: "No person shall purposely, *and with prior calculation and design*, cause the death of another." (Emphasis added.) R.C. 2903.01(A). Even though the jury erred in finding that Foster acted with prior calculation and design (*see Foster I* at ¶ 35-42), its verdict still established that Foster "purposely * * * cause[d] the death of another." R.C. 2903.01(A); R.C. 2903.02(A). This was what the jury needed to find for Foster to be guilty of murder. The trial court properly resentenced Foster for a conviction of murder.

{¶ 14} Foster's sole assignment of error is overruled.

---

[1] The State cites R.C. 2945.79(D) for this proposition. (State's Brief at 8.) But *Reed* noted that Crim.R. 33(A)(4) superseded R.C. 2945.79(D). *Reed* at 123, fn. 1; *see also State v. Guy*, 10th Dist. No. 17AP-322, 2018-Ohio-4836, ¶ 64, fn. 1.

## IV.  CONCLUSION

{¶ 15}  Appellate rules imbue this Court with the authority to modify the verdict of aggravated murder to a lesser-included offense of murder.  Because a jury finding of aggravated murder includes a finding of murder and because we only invalidated the jury's finding of "prior calculation and design," the trial court had legal authority to resentence Foster for the offense of murder.  Because the trial court's January 29, 2019 judgment entry is not void, voidable, or otherwise in error, and because the trial court further lacks jurisdiction to do as Foster requests and made no prejudicial error in denying his motion, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and NELSON, JJ., concur.