**[Cite as *State v. Woodard*, 2023-Ohio-1989.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-220364 |
| | | C-220365 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-2103506B |
| | | B-2102994 |
| | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| JERRELL WOODARD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Court of Common Pleas

Judgments Appealed From Are: Reversed and Cause Remanded in C-220364; Appeal Dismissed in C-220365

Date of Judgment Entry on Appeal: June 16, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Arenstein & Gallagher* and *William R. Gallagher,* for Defendant-Appellant.

CROUSE, **Presiding Judge.**

{¶1}   Defendant-appellant Jerrell Woodard was found guilty of felonious assault after a jury trial. In two assignments of error, Woodard contends that there is insufficient evidence to sustain the jury's verdict and that the court committed reversible error in refusing to instruct the jury on the lesser-included offense of assault. For the reasons set forth below, we sustain the second assignment of error, reverse the trial court's judgment, and remand the case for a new trial.

## I. Factual and Procedural History

{¶2}   On July 2, 2021, Woodard entered the lobby of the President Apartment Building in the Avondale neighborhood of Cincinnati, Ohio. Surveillance video played during the trial showed Woodard arguing with his girlfriend. The video does not contain audio. Jonathan Killings, a resident of the building, was standing nearby.

{¶3}   The video showed that moments later Woodard and Killings got into an argument. Woodard approached Killings and chest-bumped him several times. In response, Killings pulled out a small knife and held it close to his side. Killings testified at trial that after he pulled out the knife, Woodard said, "Oh, I got something for you." In a recorded police interview, Woodard said that he told Killings to "put the knife down, let's fight."

{¶4}   The video showed Woodard leave the lobby and return a few minutes later with his twin brother Jayce Woodard. Woodard and his brother quickly walked towards Killings and Woodard punched Killings in the face. A few seconds later, Killings stabbed Jayce. Jayce then pulled a gun from his waistband and shot Killings two times. Killings survived, but suffered substantial injuries from the gunshot wounds.

{¶5}    On July 15, 2021, a joint indictment was filed against Woodard and Jayce. Woodard was charged with two counts of felonious assault for: (count 1) knowingly causing serious physical harm to Killings in violation of R.C. 2903.11(A)(1) and (count 2) knowingly causing, or attempting to cause, physical harm to Killings by means of a deadly weapon in violation of R.C. 2903.11(A)(2). Both charges are second-degree felonies. Jayce was charged with (count 3) having weapons under disability, (count 4) possession of cocaine, and (counts 5 and 6) two counts of felonious assault under R.C. 2903.11(A)(1) and (2). The bill of particulars stated:

COUNTS I, II, III, V and VI

On or about July 2, 2021, at approximately 0035 hours, in the vicinity of the President Apartment Building located at 784 Greenwood Avenue, the Defendants, Jayce Woodard and Jerrell Woodard punched the victim, Jonathan Killings, about Killings' face. As Jonathan Killings fled the scene Jayce Woodard fired a firearm toward Jonathan Killings. Jonathan Killings suffered a gunshot wound to Killings' back. Jayce Woodard is precluded from possessing a firearm due to a prior Aggravated Robbery conviction.

{¶6}    Woodard's case proceeded to a jury trial in April 2022. During opening statements, the state told the jury that counts one and two were alternative counts charging Woodard with complicity to the shooting committed by Jayce. Woodard requested a jury instruction for count one on the lesser-included offense of assault under R.C. 2903.13 ("misdemeanor assault"). Woodard's counsel explained, "My client admits that he struck Mr. Killings one time as a punch. Therefore, we believe it

3

qualifies for assault under R.C. 2903.13 for the jury to consider." The court denied the motion, and denied the request again after it was reiterated at the close of the evidence.

{¶7} The jury found Woodard guilty of felonious assault under count one (knowingly causing serious physical harm) but not guilty of count two (knowingly causing physical harm by means of a deadly weapon).

{¶8} Woodard timely appealed in the case numbered C-220364. He contends that the jury's verdict is not supported by sufficient evidence and that the court erred in refusing to instruct the jury on the lesser-included offense of misdemeanor assault.

{¶9} Woodard also appealed an unrelated conviction for trafficking in marijuana in the case numbered C-220365.[1] As he has raised no assignment of error as to that conviction, the appeal numbered C-220365 is dismissed.

## II. Sufficiency of the Evidence

{¶10} In his first assignment of error, Woodard contends that the jury's verdict was based on insufficient evidence. Woodard argues that his guilt cannot be based on his complicity to the shooting because his acquittal on count two means that "the jury did not believe Jerrell should be held accountable for the injuries Killings sustained from being shot by Jayce." Thus, Woodard contends that under a complicity theory, "the only way the jury could convict him of Count One is if the State proved beyond a reasonable doubt Killings sustained serious physical harm when Jayce punched him." Woodard contends that the state did not offer any evidence that Killings sustained serious physical harm as a result of a punch by Jayce.

---

[1] Woodard was sentenced for the felonious assault and trafficking-in-marijuana convictions in a joint-sentencing hearing in July 2022, but these convictions are otherwise unrelated.

{¶11} The state responds that "Count One was not charged on the basis of a punch to Killings' face." Rather, the two counts were charged in the alternative "because Woodard solicited the help of his brother to shoot Killings with a gun." The evidence is sufficient, the state argues, to prove that Woodard was complicit in the shooting of Killings.

{¶12} When faced with a sufficiency-of-the-evidence challenge, this court asks " 'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Walker,* 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶ 12, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. Sufficiency review "raises a question of law, the resolution of which does not allow the court to weigh the evidence." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983); *see State v. Guthrie,* 1st Dist. Hamilton No. C-180661, 2020-Ohio-501, ¶ 7. The court's role is to ask "whether the evidence against a defendant, *if believed,* supports the conviction." (Emphasis sic.) *State v. Jones*, 166 Ohio St.3d 85, 2021-Ohio-3311, 182 N.E.3d 1161, ¶ 16.

{¶13} Woodard was convicted of felonious assault under R.C. 2903.11(A)(1). That statute provides that "No person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn." Serious physical harm includes physical harm that: "carries a substantial risk of death," "involves some permanent incapacity," or "involves acute pain [resulting in] substantial suffering." R.C. 2901.01(A)(5)(b), (c), (e). Serious physical harm can also be "mental illness * * * normally requir[ing] * * * prolonged psychiatric treatment." R.C. 2901.01(A)(5)(a). Firing a gun at a victim is

sufficient evidence of felonious assault. *State v. Henderson*, 1st Dist. Hamilton No. C-130541, 2014-Ohio-3829, ¶ 28.

{¶14} Woodard was charged in count one of the indictment with the principal offense of felonious assault, but the state pursued a complicity theory at trial and the jury was instructed accordingly. This approach is proper pursuant to R.C. 2923.03(F). *See* R.C. 2923.03(F) ("Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."); *State v. Hand,* 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, ¶ 181 (explaining that R.C. 2923.03(F) "adequately notifies defendants that the jury may be instructed on complicity, even when the charge is drawn in terms of the principal offense."); *State v. Caldwell*, 19 Ohio App.3d 104, 109, 483 N.E.2d 187 (8th Dist.1984) (holding that a charge of complicity may be stated in terms of R.C. 2923.03 or in terms of the principal offense); *State v. Dotson*, 35 Ohio App.3d 135, 138, 520 N.E.2d 240 (3d Dist.1987) (same).

{¶15} "To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime." *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001), syllabus.

{¶16} Putting all of this together, the issue is whether after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could

6

have found that Woodard knowingly aided or abetted Jayce in causing serious physical harm to Killings.

{¶17} It is important to note that the jury's acquittal on count two does not, as Woodard argues, signify that his conviction on count one must have been based on actions other than the shooting. A review for sufficiency of the evidence "should not be confused with the problems caused by inconsistent verdicts[,]" and "should be independent of the jury's determination that evidence on another count was insufficient." *United States v. Powell,* 469 U.S. 57, 67, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). While Woodard contends that this is not a situation involving inconsistent verdicts, his argument relies on the same proposition underlying inconsistent-verdict jurisprudence: that his conviction on count one could not have been based on the shooting because "the findings necessary to support that conviction are inconsistent with the findings necessary to acquit the defendant" of count two. *Henderson*, 1st Dist. Hamilton No. C-130541, 2014-Ohio-3829, at ¶ 24, citing *State v. Hicks*, 43 Ohio St.3d 72, 78, 538 N.E.2d 1030 (1989). However, it is well-established that verdicts on separate counts of a multi-count indictment do not need to be consistent. *Id.* at ¶ 24-25 (collecting cases). Thus, we will address the sufficiency of the evidence as it relates to Woodard's conviction for complicity to felonious assault based on the totality of the state's evidence.

{¶18} Killings testified, and surveillance video from the scene confirms that Woodard confronted Killings in the lobby and aggressively chest-bumped him several times. According to Killings, Woodard said, "Oh, I got something for you," just before he left the lobby and returned with Jayce at his side. Once inside, they walked directly to Killings and confronted him together. Woodard punched Killings, and Jayce pulled

7

a gun out of his waistband and fired two shots at him from close range. The surveillance video captures this entire scene. Killings testified that his injuries from the shooting, which included scarring, rib pain, anxiety, and PTSD symptoms, were extensive, and required ongoing treatment. After viewing the evidence in a light most favorable to the state, any rational trier of fact could have found that Woodard was complicit in Jayce's shooting of Killings, and that the shooting caused Killings serious physical harm.

{¶19} The first assignment of error is overruled.

### III. The Jury Instruction

{¶20} In his second assignment of error, Woodard contends that the court erred in refusing to instruct the jury on the lesser-included offense of misdemeanor assault under R.C. 2903.13(A). In response, the state argues that the lesser-included-offense instruction was not required because "no reasonable interpretation of the facts would have resulted in an acquittal of the felonious assault charge in Count One."

{¶21} Central to this analysis is determining the conduct at issue with respect to count one: the punch or the shooting. While the state's theory throughout most of the trial was that count one and count two were charged in the alternative, both under a theory that Woodard was complicit in the shooting, the bill of particulars and the state's comments during rebuttal argument contradict this position.

{¶22} "A bill of particulars has a limited purpose—to elucidate or particularize the conduct of the accused alleged to constitute the charged offense." *State v. Sellards,* 17 Ohio St.3d 169, 171, 478 N.E.2d 781 (1985). The bill of particulars in this case did not particularize Woodard's conduct alleged to constitute each charged offense in counts one and two. Rather, it grouped counts one, two, three, five, and six of the

8

indictment together, describing the entire course of conduct of both brothers in a single four-sentence paragraph that accused both brothers of punching Killings and Jayce of shooting Killings.

{¶23} During its opening statement, the state explained that counts one and two were alternative counts charging Woodard with complicity to the shooting committed by his brother. But because testimonial and video evidence played at trial clearly established that Woodard punched Killings, defense counsel requested that the judge charge the jury on the lesser-included offense of misdemeanor assault for count one. Counsel argued that it was clear from the evidence that Woodard punched Killings, but there was no evidence that Woodard's actions caused serious physical harm. The state agreed that misdemeanor assault is a lesser-included offense of felonious assault. The court then interjected that it understood count one to be not based on the "the hitting," but rather complicity to the shooting. The court stated, "[I]t's not a lesser included offense of the felonious assault that's actually charged." The state agreed with the court's analysis.

{¶24} However, only count two of the indictment specified that the felonious assault was committed by using a handgun. The bill of particulars was not clear whether the punch or the shooting was the act alleged in count one. Thus, it is understandable that the defense believed that count one could be based on the punch.

{¶25} Until its rebuttal argument in closing, the state pursued the shooting as the act that was the basis for count one. However in rebuttal, the prosecutor said:

> And you are going to be *considering these charges individually*, and we talked about those two separate charges. There's knowingly cause serious physical harm, and then there's also knowingly attempting to

9

cause physical harm with a deadly weapon. *So even if you don't believe that Jerrell's intent was for Jayce to shoot him, his intent was to beat him up and cause harm.* * * * Jerrell started this entire series of events in motion, he got the brother. Brought his brother in. He knew their intent was to go cause serious physical harm. *They are going to punch this guy, for getting in his business.*

Thus, the state's theory seemed to change during rebuttal, and it indicated to the jury that they could find Woodard guilty of count one for his punch to Killings's face. On appeal, Woodard argues that the court therefore should have instructed the jury on misdemeanor assault.

{¶26} Courts use a two-step analysis to determine whether such an instruction is warranted. The first step, known as the statutory-elements step, "is a purely legal question, wherein we determine whether one offense is generally a lesser included offense of the charged offense." *State v. Deanda*, 136 Ohio St.3d 18, 2013-Ohio-1722, 989 N.E.2d 986, ¶ 6. To make this determination, the court considers whether: (1) one offense carries a greater penalty than the other; (2) some element of the greater offense is not required by statute to prove the lesser offense; and (3) the greater offense as defined by statute cannot be committed without the lesser offense being committed. *State v. Lanter*, 1st Dist. Hamilton No. C-170385, 2018-Ohio-3127, ¶ 17. Whether an offense is a lesser-included offense of the charged offense is an issue of law we review de novo. *State v. Kulchar*, 4th Dist. Athens No. 10CA6, 2011-Ohio-5144, ¶ 23.

{¶27} Courts, including this one, have consistently held that misdemeanor assault under R.C. 2903.13(A) is a lesser-included offense of felonious assault. *See*

10

*State v. Brundage*, 1st Dist. Hamilton No. C-030632, 2004-Ohio-6436, ¶ 15 ("assault pursuant to R.C. 2903.13(A) and (B) is a lesser-included offense of felonious assault pursuant to R.C. 2903.11(A)(1)"); *State v. Sheppard*, 1st Dist. Hamilton No. C-000553, 2001 Ohio App. LEXIS 4590, 12 (Oct. 12, 2001) ("Unlike aggravated assault, assault is a lesser-included offense of felonious assault."); *State v. Clark*, 4th Dist. Lawrence No. 03CA18, 2004-Ohio-3843, ¶ 8 ("Assault is a lesser-included offense of felonious assault."); *State v. Tolle*, 12th Dist. Clermont No. CA2014-06-042, 2015-Ohio-1414, ¶ 10 (holding misdemeanor assault is a lesser-included offense of felonious assault under R.C. 2903.11(A)(1)); *State v. Cochran*, 2d Dist. Montgomery No. 19448, 2003-Ohio-3980, ¶ 10 (holding misdemeanor assault is a lesser-included offense of felonious assault under R.C. 2903.11(A)(2)).

{¶28} Once the court determines that the offense is a lesser-included offense of the charged offense, the court is required to give the instruction only where " 'a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser included offense.' " *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 13, quoting *Shaker Hts. v. Mosely*, 113 Ohio St.3d 329, 2007-Ohio-2072, 865 N.E.2d 859, ¶ 11; *Lanter* at ¶ 17. "In making this determination, the trial court must view the evidence in the light most favorable to the defendant." *State v. Monroe*, 105 Ohio St.3d 384, 2005-Ohio-2282, 827 N.E.2d 285, ¶ 37. This step of the analysis requires the court to assess the facts of the case and will not be reversed absent an abuse of discretion. *See State v. Miree*, 2022-Ohio-3664, 199 N.E.3d 72, ¶ 48 (8th Dist.) ("Trial courts have broad discretion to determine whether the record contains sufficient evidentiary support to warrant a jury instruction on a lesser included offense, and that will not be reversed absent an abuse

of discretion."); *see also State v. Patterson,* 1st Dist. Hamilton No. C-170329, 2018-Ohio-3348, ¶ 37, citing *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 240.

**{¶29}** The surveillance video played for the jury shows Woodard and Jayce approaching Killings together upon entering the building. It is not until Jayce is stabbed by Killings that he pulls out a gun and shoots Killings. While Killings testified that Woodard said, "Oh, I got something for you," before leaving the lobby and returning with his brother, Woodard denied that he sought his brother's aid to shoot Killings. Rather, Woodard told police that his brother was in the building to visit their mother.

**{¶30}** As stated above, the evidence was sufficient to prove that Woodard was complicit in the shooting. But the question we must answer is whether a jury *could reasonably acquit* Woodard of felonious assault, but convict him of misdemeanor assault. In this case we know that Woodard was acquitted of count two (involving the use of a deadly weapon), which could only be based on the shooting. *See* R.C. 2903.11(A)(2).

**{¶31}** The evidence was clear that Woodard punched Killings in the face. The jury watched a video clearly documenting the punch. Yet it did not hear any evidence about an injury to Killings's face. Instead, the evidence focused on the injuries as they related to the shooting. A punch to the face is sufficient for an assault conviction under R.C. 2903.13(A). *See State v. James*, 1st Dist. Hamilton No. C-210597, 2022-Ohio-3019, ¶ 9; *State v. Beach*, 11th Dist. Trumbull No. 2011-T-0043, 2012-Ohio-298, ¶ 32 ("It is well-established, however, that hitting or punching someone in the face constitutes an attempt to cause physical harm, regardless of the result of the blow.");

R.C. 2901.01(A)(3) (defining physical harm—as opposed to serious physical harm—as "any injury * * * regardless of its gravity or duration").

{¶32} Thus, considering the evidence for count one in the light most favorable to Woodard, the jury could have reasonably acquitted him of felonious assault under a complicity theory for Jayce's shooting, but could have convicted him of misdemeanor assault for his punch to Killings's face. The trial court abused its discretion in not giving the requested instruction.

{¶33} The second assignment of error is sustained.

### IV. Conclusion

{¶34} Appellant's first assignment of error is overruled, but his second assignment of error is sustained. Accordingly, the judgment of the trial court is reversed and the case is remanded for a new trial in the appeal numbered C-220364. The appeal in the case numbered C-220365 is dismissed.

Judgment accordingly.

**ZAYAS** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.